## GOVEY HOOD v. C. G. DAHLGREEN.

Where the sheriff accepts an office under a municipal corporation, his office of sheriff is not thereby vacated under the Constitution of the State.

Where the court is called on to arrest proceedings in execution of a judgment, on grounds involving a breach of duty on the part of a public officer, the burthen of proof is on the party alleging the breach of duty.

APPEAL from the District Court of Carroll, *Richardson*, J. *L. Selby*, and *Thomas* and *Snyder*, for plaintiff. *Thomas P. Farrar*, for defendant.

HOOD
v.
DAHLGREEN.

The judgment of the court was pronounced by

EUSTIS, C. J.   This is an appeal taken by the plaintiff from a judgment of the Court of the Tenth District, dissolving an injunction obtained at his instance, with seven hundred and fifty dollars damages against the plaintiff and his surety. The principal grounds upon which the injunction was granted were, that the advertisements of the property to be sold under the execution were not properly made, and that the sheriff had vacated his office at the time of these proceedings by having been appointed collector of the parish taxes—an office the appointment of which rested with the police jury.

We do not think his acceptance of this trust, which if it be an office is one of a municipal corporation, would vacate the office of sheriff.   *Dorsey* v. *Vaugham*, 5th Ann. 155.

In relation to the first objection, the only question argued before us is as to the fact of the advertisements having been posted up at the places required by law.   In cases of this kind, where a court is appealed to by a party to arrest proceedings in execution, on grounds involving a breach of duty of a public officer, we think the burthen of proof rests with the party alleging it.   Greenleaf on Evidence, § 78, *et seq.*   *Mitchell* v. *Morgan*, 3 N. S. 576.   The plaintiff's evidence does not establish the irregularity in the advertisements of which he complains.

The judgment of the district court is therefore affirmed, with costs.